## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

       Plaintiff,

vs.                                                                 No. 16-CR-00669 MV

JACK PIERCE,

       Defendant.

## <u>MEMORANDUM OPINION AND ORDER</u>

**THIS MATTER** is before the Court on Defendant Jack Pierce's pro se Motion for a Reconsideration of Sentence and a Pre-Release of Custody. Doc. 54. The government did not respond. Having considered the motion, relevant law, and being otherwise fully informed, the Court finds that the motion is not well-taken and will be **DENIED**.

On December 5, 2016, Mr. Pierce entered into a Rule 11(c)(1)(C) plea agreement in which he agreed to plead guilty to a one-count information charging him with Possession of an Unregistered Firearm, in violation of 26 U.S.C. §§ 5861(d) and 5871. *See* Doc. 31 at 2. In exchange, the government agreed to a specific sentence of 10 years. *See id*. at 4. On April 27, 2017, this Court accepted the plea agreement and sentenced Mr. Pierce to 10 years of imprisonment in the Bureau of Prisons (BOP), to run concurrent to the sentences imposed in three unrelated New Mexico state cases. *See* Doc. 50 at 2.

Mr. Pierce now moves the Court for relief under the First Step Act. *See* Doc. 54. He asks the Court to either: (1) release him to the custody of a halfway house in Albuquerque for a period of one year; or (2) remove his federal detainer so that the New Mexico Corrections Department (NMCD) can transfer him to a lower-level facility where he can participate in an out-of-facility work force. *Id*. at 2–5. At the time of filing, Mr. Pierce was serving his state and federal sentences

1

concurrently in NMCD custody at the Lea County Correctional Facility in Hobbs, New Mexico. *Id*. at 2.  He represents that his maximum release date is January 17, 2023 absent any First Step Act relief.  *Id*. at 1.

In support of his request for early release, Mr. Pierce points to several changes he believes the First Step Act made to the BOP's calculation of custody time credit.  *See id*. at 1–2.  He asserts, for example, that under the Act's expansion of "good time" credit, an inmate with a clean disciplinary record can now be released after serving 65% of their sentence in custody, rather than the previous 85%.  *Id*. at 1.  He also references the "earned time" credit the First Step Act created for eligible inmates who complete certain programs while in custody.  *Id*. at 1–2.  Mr. Pierce argues that he is eligible for both types of credit because he has not received any institutional write-ups over the course of his incarceration and because he has successfully completed a number of rehabilitative programs including a 100-hour reentry program, an anger management program, a relapse prevention program, a fathering program, and a six-month substance abuse program, in addition to earning 30 credits towards a college degree in applied science.  *Id*.

While the Court commends Mr. Pierce for his commitment to rehabilitation and self-improvement while in custody, it does not have the authority to grant him the requested relief.  For one, the First Step Act only affords federal courts the ability to resentence defendants in a narrow set of cases, such as those involving a defendant sentenced under the disparately harsh crack cocaine penalties subsequently reduced by the Fair Sentencing Act of 2010 (*see* First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194, 5222 (2018)) or those involving a defendant who qualifies for compassionate release due to "extraordinary and compelling reasons" such as serious illness (*see* 18 U.S.C. § 3582(c)(1)(A)(i)).  None of the statutorily enumerated grounds for resentencing apply here, and post-conviction rehabilitation is not by itself a ground for

resentencing or early release.  *See United States v. Craig*, No. 12-CR-20141-18-KHV, 2019 WL 354976, at *2 (D. Kan. Jan. 29, 2019) (unreported).

Nor does the Court have the ability to release Mr. Pierce to a halfway house or lift his federal detainer under the provisions of the First Step Act pertaining to custody time credit.  While Mr. Pierce is correct to point out that the Act increased the amount of "good time" credit federal inmates are eligible to receive, it did not increase that amount to 35% of an inmate's total sentence.  *See* Doc. 54 at 1.  Instead, the Act more modestly corrected the BOP's calculation of good time credit so that inmates are eligible to receive up to 54 days of credit for each year of imprisonment the sentencing court *imposed* rather than for each year *actually served*, a correction that will result in an additional seven days of good time credit per year over the course of a 10-year sentence.  *See* 18 U.S.C. § 3624(b)(1); *Barber v. Thomas*, 560 U.S. 474 (2010) (explaining how the BOP's previous "good time" formula resulted in a maximum of 47 days of credit per year over a ten-year sentence).  The First Step Act also created an "earned time" system that allows eligible inmates to receive up to 15 days of credit for every 30 days of "successful participation in evidence-based recidivism reduction programming or productive activities," as Mr. Pierce appears to note.  *See* 18 U.S.C. § 3632(d)(4)(A).  What Mr. Pierce fails to explain is how these changes in the law entitle him to immediate release from federal custody.  He does not submit that he has earned more days of credit than are remaining in his 10-year sentence, nor does he allege that the BOP has miscalculated the amount of credit he has earned.  And to the extent that Mr. Pierce has such concerns, he will need to raise them in a petition for habeas corpus filed under 28 U.S.C. § 2241 after he has exhausted his administrative remedies within the BOP.  *See United States v. Ramirez*, No. 13-CR-10140-JWB, 2020 WL 263582, at *1 (D. Kan. Jan. 17, 2020) (unreported) (citations omitted) (noting that a habeas petition filed under § 2241 is the proper vehicle through which to

raise a challenge to the BOP's computation of time credits because such a challenge involves the "implementation of [the] sentence, rather than the validity of the underlying conviction.").

## CONCLUSION

For the foregoing reasons, Mr. Pierce's pro se Motion for a Reconsideration of Sentence and a Pre-Release of Custody [Doc. 54] is hereby **DENIED**.

Dated this 15th day of April, 2020.

_____
MARTHA VÁZQUEZ
UNITED STATES DISTRICT JUDGE